# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.S.,** | * |
| A minor, by his mother | * |
| and next friend, | * |
| **PATRICE STEPHENS** | * |
| 1456 Oak Street, N.W., Apt. #210 | * |
| Washington, D.C. 20010 | * |
| | * |
| and | * |
| | * |
| | *     **Civil Action No:** |
| **PATRICE STEPHENS** | * |
| 1456 Oak Street, N.W., Apt. #210 | * |
| Washington, D.C. 20010 | * |
|         Plaintiffs | * |
| | * |
|     v. | * |
| | * |
| **GOV. OF DISTRICT OF COLUMBIA** | * |
| A municipal corporation, | * |
| 1350 Pennsylvania Ave., N.W. | * |
| Washington, D.C. 20004 | * |
| | * |
|     Serve on: | * |
|     Attorney General of D.C. | * |
|     Attn:  Janice Stokes or Darlene Fields | * |
|     One Judiciary Square | * |
|     441 4th Street, N.W., Suite 600 | * |
|     Washington, D.C. 20001 | * |
| | * |
|     and | * |
| | * |
|     Mayor Adrian Fenty | * |
|     Office of the Secretary | * |
|     Attn:  Gladys Herring or Designee | * |
|     1350 Pennsylvania Avenue, Ste. 419 | * |
|     Washington, DC 20004 | * |

**CHANCELLOR**                                       *

The Chancellor Michelle Rhee                          *

District of Columbia Public Schools                   *

825 North Capitol Street, NE                          *

Washington, D.C. 20002                                *

                                                      *

**BILINGUAL COMMUNITY ACADEMY**\*

**PUBLIC CHARTER SCHOOL**            *

1501 Columbia Road, NW                                *

Washington, DC  20009                                 *

                  Defendants(s)            *

*************************************

## COMPLAINT

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities

in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities

Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section

504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is

authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5

D.C.M.R. §§3000 et seq.

## PARTIES

2.      J.S. is a twelve-year old child in the custody of his mother Patrice Stephens, in the District

of Columbia, and has been determined eligible as Multiple Disabled (ED and LD) by DCPS

pursuant to IDEIA and section 504.  The mother brings this action on his behalf and in their own

right.

3.      The District of Columbia is a municipal corporation. As one of its governmental functions,

Defendant operates the District of Columbia Public School System (DCPS).  DCPS is responsible

for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA

and section 504.

2

4.    Michelle Rhee is the Chancellor of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are respected.

5.    Academy for Bilingual Community Public Charter School (ABC) is responsible for affording all children with disabilities attending the school all rights pursuant to IDEIA and section 504.

## FACTS

6.    J.S. is a twelve-year old student who has been determined to need special education by DCPS and his IEP calls for 27.5 hours of special education services per week, with 26.5 hours for specialized instruction and 1 hour for psychological counseling and J.S. has been attending ABC as a member of the 7th grade class since the beginning of the 2006-07 SY.

7.    On September 5, 2006, ABC sent a notice to the parent to provide the school with J.S.' current IEP, psycho-educational evaluation, and any IEP report cards or teacher narratives available.    As a result of this request, on 09/26/06 the MDT met to discuss the status of J.S. missing documents.    At that time, the parent informed the ABC staff that DCPS had all of the required documents.    The team agreed that ABC would obtain the required documents from DCPS, and on 09/27/06 ABC received these documents, including the full time IEP.

8.    Upon receipt of the documents on 09/27/06, ABC was on notice that the student required evaluations as well as that ABC was not an appropriate placement for the student as it could not implement an IEP requiring full time special education services and as such could not provide him with all of the special education and related services required under his IEP.    Regardless of this, from the 09/27/06 receipt of J.S.' documents, ABC did not provide J.S. with any of the evaluations that he required.    Furthermore, J.S. was placed in an inclusion model for the remainder of the school year.    No MDT meeting was ever scheduled to review and revise his IEP

or to determine what services could be provided for him by ABC.

9.    Pursuant to 34 CFR §300.304(c)(4), "each public agency must ensure that the child is assessed in all areas related to the suspected disability . . . "  Neither DCPS nor ABC performed the required evaluations for J.S.  The law requires that a student's reevaluations must be "conducted in a 'reasonable period of time,' or 'without undue delay,' as determined in each individual case."  Herbin ex rel. Herbin v. D.C., 362 F.Supp.2d 254 (D.D.C., 2005

10.    As a result of DCPS' and ABC' violations of the IDEA and other denials of appropriate services, the parent through counsel filed a due process complaint on 01/08/07.  This complaint alleged that DCPS and ABC failed to provide J.S. with an appropriate IEP, failed to provide him with an appropriate placement, failed to provide him with all appropriate special education and related services, failed to perform evaluations of J.S. (including failure to perform a comprehensive psychological, clinical, psycho-educational, psychiatric, social history, and Vineland assessment), failed to inform the parent of her due process rights, and also failed to provide the student with compensatory education for DCPS' denial of FAPE.

11.    On 01/11/07, J.S. had an initial individual counseling session with ABC's school clinician.  Though J.S.' IEP required that he receive an hour of psychological services per week, he did not receive any psychological counseling until the 01/11/07 session.

12.    Over the course of the third quarter of the 2006-2007 SY, J.S. repeatedly engaged in disruptive and inappropriate behavior.  This included refusing to attend class, playing around with peers instead of doing his work, and expressing disrespectful and oppositional behavior towards staff and teachers.  J.S. was suspended several times during the course of the third quarter, and in general his social-emotional behavior was difficult to manage by the teachers and staff at ABC.

13.    On 02/12/07 a resolution meeting was held at ABC.  At the meeting, the parent requested that ABC perform all of the student's evaluations, to include a comprehensive clinical evaluation, psycho-educational, psychiatric, occupational therapy, speech/language, social history and

Vineland assessment.   ABC agreed to perform a comprehensive psychological (clinical and psycho-educational) evaluation but would not agree to provide any additional evaluations.  The parent also expressed concern over J.S.' placement with ABC, desiring that he receive full-time special education services.  Ultimately the resolution meeting was unresolved.

14.     On March 1, 2007, ABC completed the comprehensive psychological (clinical and psycho-educational) evaluation.  This evaluation demonstrated that J.S. has a low average full scale IQ, and is operating between two to five grade levels below his peers in all areas of academic testing.

15.     On 03/19/07, a hearing was convened and for the hearing, the parent through counsel disclosed as evidence *inter alia,* the 01/08/07 due process complaint, a 06/30/99 notice of proposed change in educational placement, IEPs for 06/30/99, 04/07/00, 05/06/01, and 05/03/06, as well as 09/26/06 record review information, an 12/17/06 letter from parent's counsel requesting student documents from ABC & DCPS, an 01/04/07 DCPS external record request for J.S., and 01/11/07 ABC individual counseling session progress notes.

16.     During the hearing, parent's counsel argued that DCPS failed to evaluate the student while attending Payne ES, and that ABC denied the student FAPE by not providing him with an appropriate placement, providing him with an appropriate IEP or all necessary specialized instruction and related services, as well as failing to evaluate J.S. or inform the parent of her due process rights.

17.     The parent testified at the hearing that she informed DCPS that she would be unable to take J.S. to his school during the summer of 2006 for evaluation due to housing issues, and that DCPS subsequently did not contact her to schedule or complete his evaluations.  She also testified that ABC did not contact her to schedule evaluations for J.S.  Testimony was also provided that neither the parent nor her counsel was contacted by ABC about scheduling a MDT meeting to review / revise J.S.' IEP.  Additionally, the parent testified that ABC was not a proper placement

for her child, over and above its inability to implement his IEP, because the building was in a dilapidated condition and unsuited to J.S.' needs.

18.     During the said hearing, DCPS and ABC argued that they made attempts to evaluate the student, but the parent was uncooperative in scheduling dates for evaluations.  However, no documentation was provided to verify these claims.  Upon cross-examination, the ABC SEC testified that the parent requested all communication between herself and the school regarding J.S. be performed through her legal counsel.  Additionally, ABC argued that it did not perform evaluations for the student to update and complete his triennials because they were attempting to obtain those evaluations from DCPS.  Also, ABC argued that they provided J.S. with appropriate specialized instruction and related services, as well as that ABC was an appropriate placement for J.S., because he made academic progress in the first two quarters of the school year.   However, upon cross-examination, the SEC of ABC testified that J.S. was not performing as well as indicated in his progress report cards, and that he was not receiving services on grade-level. Furthermore, ABC's own documentation indicated that the student had been exhibiting numerous behavioral problems.   Also, no testimony was given to explain why J.S. did not receive psychological services until the 01/11/07 session.

19.     In the 04/17/07 HOD, the hearing officer made erroneous findings of fact and conclusions of law ruling that J.S. was not harmed by DCPS' failure to evaluate him, or provide updated evaluations for the May 2006 IEP.  The hearing officer erred in agreeing with DCPS' assertion that the parent was uncooperative in scheduling the student's evaluations, particularly because DCPS provided no documentary evidence to verify its assertion that attempts were made to schedule evaluations for the student.  Furthermore, pursuant to 34 CFR §300.346(a)(ii)(b), in developing and revising a student's IEP, the most recent evaluations of a child must be reviewed in the IEP team's determination as to what special education and related services are appropriate for the student's IEP.

20.    Likewise, the hearing officer erred in his conclusion that ABC did not fail to complete J.S.' evaluations.  ABC was aware of the student's need for evaluations on 09/27/06 when it received the student's documentation from DCPS.  At the hearing, the SEC for ABC testified that ABC was aware of the need for evaluations.  However, no evaluations were conducted for J.S. by ABC until the comprehensive psychological completed in March 2007.  What is more, the parent was not contacted by ABC about testing J.S. until shortly before the due process hearing was occurring.

21.    Additionally, the hearing officer erred in his conclusion that ABC did not fail to provide the student with an appropriate placement.  Upon receipt of the student's documents on 09/27/06, ABC was aware that J.S. required a full-time special education placement.  However, instead of attempting to provide J.S. with an appropriate placement, ABC chose to insert J.S. into their inclusion model, with the intention to convene an MDT meeting to revise his IEP and modify it from a full-time special education placement in order to fit with their inclusion model.  This is improper under the IDEA, as the student's IEP should not be revised merely to convenience his or her educational placement.  The law is clear, in that "at a minimum, IDEA requires that the school system provide the student with the educational setting called for under his IEP."  Argueta v. Gov. of D.C., 355 F.Supp.2d 408, 414 (D.D.C., 2005).  ABC knew from the 09/27/06 receipt of the student's documents that it could not provide the student with an appropriate placement, but still failed to provide him with an appropriate placement. In fact the hearing officer, in the 04/11/07 HOD found that the school was aware of his need for a full time program since 09/27/06. However, he did not apply the law appropriately because he found it reasonable that the school would provide him with inclusion programming when his IEP calls for something to the contrary.

22.    Moreover, the hearing officer should have found that ABC was not a proper placement for the student because of his continued below-average academic performance and negative social-emotional behavior.  Though ABC initially testified that J.S. was making progress within their

program, upon cross-examination the SEC admitted that J.S. was not performing as well as his grade reports demonstrated, as he was not on grade level with his peers. Likewise, the comprehensive psychological examination on 03/01/07 showed that J.S. is between two to five grade levels below his peers in all academic areas. Additionally, J.S. has been exhibiting continuous negative social-emotional behavior at ABC, with his teachers having little ability to prevent or correct it. "A placement that is not calculated to provide a meaningful educational benefit is unacceptable." Montgomery Township Bd. Of Educ. V. S.C. ex rel. D.C., 43 IDELR 186 (3d Cir. 2005). ABC is unable to provide J.S. with meaningful educational benefit, as it cannot meet either his academic or social-emotional needs. Based upon this information, the hearing officer should have ruled that ABC is not a proper placement for the student as it is incapable of providing him with the services he requires to address his disabilities.

23.     The hearing officer also erred in finding that ABC did not fail to provide J.S. with an appropriate IEP or all of his appropriate special education and related services because ABC failed to provide on the record any documentation to authenticate its claims that it contacted the parent or attorney to schedule an MDT meeting or that all the services were being provided. Pursuant to 34 C.F.R. §300.345(a)(1), such notification to the parent is required before the IEP meeting can be convened. As ABC failed to provide any documentation to demonstrate it had actually notified the parent or her counsel of any meeting, the hearing officer should have found that ABC was in violation of the IDEA.

24.     Also, the hearing officer erred in that the record demonstrated that ABC could not provide J.S. with all of the services that he required under his IEP. ABC admitted that they could not provide J.S. with full-time special education services, and the services it did provide in its inclusion model were not appropriate. The educational benefit that is provided to the child must be 'likely to produce progress, not regression or trivial educational advancement.'" Cypress-Fairbanks Ind. School Dist. V. Michael F. by Barry F., 118 F.3d 245, 248 (C.A.5 (Tex.), 1997),

8

quoting <u>Board of Educ. of East Windsor Regional Sch. Dist. V. Diamond</u>, 808 F.2d 987, 991 (3rd Cir. 1986). Furthermore, 34 C.F.R. §300.350(a) requires that the public agency ensure that the child's special education and related services be provided in accordance with the student's IEP. ABC did not provide the level of special education services that were required under J.S.' IEP. Though it claimed that J.S. was making academic progress, evaluations and testimony from ABC staff demonstrated that J.S. was between two and five grade levels below his peers in all academic areas. Furthermore, ABC was unable to provide services to address J.S.' increasingly negative social-emotional behavior. Finally, ABC did not provide J.S. with psychological counseling until the initial counseling session on 01/11/07, though J.S.' IEP requires for one hour of psychological services per week. Based upon these facts, the hearing officer erred and should have found that ABC did not provide the student with an appropriate IEP or special education and related services and thus denied the student FAPE.

## COUNT I

25.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26.     Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

27.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28.     Defendants violated IDEIA by not completing appropriate evaluations of the student.

## COUNT III

29.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

30.     Defendants violated IDEIA by failing to provide compensatory education for the denial of FAPE for the 2005-06SY and 2006-07SY.

## COUNT IV

31.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

32.    Defendants violated IDEIA by not developing an appropriate IEP.

## COUNT V

33.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

34.    Defendants violated IDEIA by not providing J.S. with appropriate special education and related services.

## COUNT VI

35.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

36.    Defendants violated IDEIA by not providing the encounter tracker forms to show that D.A. was receiving his related services.

## COUNT VII

37.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

38.    Defendants violated the IDEIA by not informing the parent of her due process rights by not informing the parent that she could have requested evaluations and completed the evaluations at DCPS' expense or that she could locate assistance from an attorney.

## COUNT VIII

39.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

40.    Defendants violated the IDEIA by not providing J.S. with an appropriate placement or affording the parent an opportunity to participate in a placement meeting.

## COUNT IX

41.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

42.    The hearing officer erred in his decision to dismiss the case against DCPS without taking into consideration the fact that DCPS, as the SEA, is responsible for providing J.S. with two (2) years of compensatory education.

## COUNT X

43.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

44.    The hearing officer erred in his decision to dismiss the case against DCPS without proof of

provision of a FAPE to the student.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray this Court to grant them the following relief:

1.    Issue judgment for Plaintiffs and against defendants on all aforementioned counts;

2.    Order that the April 17, 2007 Hearing Officer's Determination be reversed, finding denial

of a free, appropriate, public education by DCPS and ABC Public Charter School and that

the relief in the underlying due process complaint be granted;

3.    Award Plaintiffs attorneys' fees and the costs of this action and of those relating to the due

process hearing; and

4.    Award any other and further relief the Court deems just and proper.


Respectfully submitted,
THE IWEANOGES' FIRM P.C.


By:_____
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA



**FILED**

JUL 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| J.S.., | * |
| A minor, by his mother | * |
| and next friend, | * |
| **PATRICE STEPHENS** | * |
| 1456 Oak Street, N.W., Apt. #210 | * |
| Washington, D.C. 20010 | * |
| | * |
| and | * |
| | * **Civil Action No:** |
| **PATRICE STEPHENS** | * |
| 1456 Oak Street, N.W., Apt. #210 | * |
| Washington, D.C. 20010 | * |
| Plaintiffs | * |
| | * |
| v. | * |
| | * Case: 1:07-cv-01265 |
| | Assigned To : Collyer, Rosemary M. |
| **GOV. OF DISTRICT OF COLUMBIA** | * Assign. Date : 7/16/2007 |
| A municipal corporation, | * Description: Admn. Agency Review |
| 1350 Pennsylvania Ave., N.W. | * |
| Washington, D.C. 20004 | * |
| | * |
| Serve on: | * |
| Attorney General of D.C. | * |
| Attn: Janice Stokes or Darlene Fields | * |
| One Judiciary Square | * |
| 441 4th Street, N.W., Suite 600 | * |
| Washington, D.C. 20001 | * |
| | * |
| and | * |
| | * |
| Mayor Adrian Fenty | * |
| Office of the Secretary | * |
| Attn: Gladys Herring or Designee | * |
| 1350 Pennsylvania Avenue, Ste. 419 | * |
| Washington, DC 20004 | * |

*1*

**CHANCELLOR**

The Chancellor Michelle Rhee

District of Columbia Public Schools

825 North Capitol Street, NE

Washington, D.C. 20002

**BILINGUAL COMMUNITY ACADEMY***

**PUBLIC CHARTER SCHOOL**

1501 Columbia Road, NW

Washington, DC  20009

     Defendants(s)  &ast;

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities

in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities

Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section

504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is

authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5

D.C.M.R. §§3000 et seq.

## PARTIES

2.  J.S. is a twelve-year old child in the custody of his mother Patrice Stephens, in the District

of Columbia, and has been determined eligible as Multiple Disabled (ED and LD) by DCPS

pursuant to IDEIA and section 504.  The mother brings this action on his behalf and in their own

right.

3.  The District of Columbia is a municipal corporation. As one of its governmental functions,

Defendant operates the District of Columbia Public School System (DCPS).  DCPS is responsible

for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA

and section 504.

4.     Michelle Rhee is the Chancellor of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are respected.

5.     Academy for Bilingual Community Public Charter School (ABC) is responsible for affording all children with disabilities attending the school all rights pursuant to IDEIA and section 504.

## FACTS

6.     J.S. is a twelve-year old student who has been determined to need special education by DCPS and his IEP calls for 27.5 hours of special education services per week, with 26.5 hours for specialized instruction and 1 hour for psychological counseling and J.S. has been attending ABC as a member of the 7th grade class since the beginning of the 2006-07 SY.

7.     On September 5, 2006, ABC sent a notice to the parent to provide the school with J.S.' current IEP, psycho-educational evaluation, and any IEP report cards or teacher narratives available.   As a result of this request, on 09/26/06 the MDT met to discuss the status of J.S. missing documents.  At that time, the parent informed the ABC staff that DCPS had all of the required documents.  The team agreed that ABC would obtain the required documents from DCPS, and on 09/27/06 ABC received these documents, including the full time IEP.

8.     Upon receipt of the documents on 09/27/06, ABC was on notice that the student required evaluations as well as that ABC was not an appropriate placement for the student as it could not implement an IEP requiring full time special education services and as such could not provide him with all of the special education and related services required under his IEP.  Regardless of this, from the 09/27/06 receipt of J.S.' documents, ABC did not provide J.S. with any of the evaluations that he required.  Furthermore, J.S. was placed in an inclusion model for the remainder of the school year.  No MDT meeting was ever scheduled to review and revise his IEP

or to determine what serv s could be provided for him by ABC.

9.      Pursuant to 34 CFR §300.304(c)(4), "each public agency must ensure that the child is assessed in all areas related to the suspected disability . . . " Neither DCPS nor ABC performed the required evaluations for J.S.  The law requires that a student's reevaluations must be "conducted in a 'reasonable period of time,' or 'without undue delay,' as determined in each individual case." Herbin ex rel. Herbin v. D.C., 362 F.Supp.2d 254 (D.D.C., 2005

10.     As a result of DCPS' and ABC' violations of the IDEA and other denials of appropriate services, the parent through counsel filed a due process complaint on 01/08/07. This complaint alleged that DCPS and ABC failed to provide J.S. with an appropriate IEP, failed to provide him with an appropriate placement, failed to provide him with all appropriate special education and related services, failed to perform evaluations of J.S. (including failure to perform a comprehensive psychological, clinical, psycho-educational, psychiatric, social history, and Vineland assessment), failed to inform the parent of her due process rights, and also failed to provide the student with compensatory education for DCPS' denial of FAPE.

11.     On 01/11/07, J.S. had an initial individual counseling session with ABC's school clinician. Though J.S.' IEP required that he receive an hour of psychological services per week, he did not receive any psychological counseling until the 01/11/07 session.

12.     Over the course of the third quarter of the 2006-2007 SY, J.S. repeatedly engaged in disruptive and inappropriate behavior.  This included refusing to attend class, playing around with peers instead of doing his work, and expressing disrespectful and oppositional behavior towards staff and teachers.  J.S. was suspended several times during the course of the third quarter, and in general his social-emotional behavior was difficult to manage by the teachers and staff at ABC.

13.     On 02/12/07 a resolution meeting was held at ABC.  At the meeting, the parent requested that ABC perform all of the student's evaluations, to include a comprehensive clinical evaluation, psycho-educational, psychiatric, occupational therapy, speech/language, social history and

Vineland assessment.    C  agreed to perform a comprehensive psychological (clinical and psycho-educational) evaluation but would not agree to provide any additional evaluations. The parent also expressed concern over J.S.' placement with ABC, desiring that he receive full-time special education services. Ultimately the resolution meeting was unresolved.

14.    On March 1, 2007, ABC completed the comprehensive psychological (clinical and psycho-educational) evaluation. This evaluation demonstrated that J.S. has a low average full scale IQ, and is operating between two to five grade levels below his peers in all areas of academic testing.

15.    On 03/19/07, a hearing was convened and for the hearing, the parent through counsel disclosed as evidence *inter alia,* the 01/08/07 due process complaint, a 06/30/99 notice of proposed change in educational placement, IEPs for 06/30/99, 04/07/00, 05/06/01, and 05/03/06, as well as 09/26/06 record review information, an 12/17/06 letter from parent's counsel requesting student documents from ABC & DCPS, an 01/04/07 DCPS external record request for J.S., and 01/11/07 ABC individual counseling session progress notes.

16.    During the hearing, parent's counsel argued that DCPS failed to evaluate the student while attending Payne ES, and that ABC denied the student FAPE by not providing him with an appropriate placement, providing him with an appropriate IEP or all necessary specialized instruction and related services, as well as failing to evaluate J.S. or inform the parent of her due process rights.

17.    The parent testified at the hearing that she informed DCPS that she would be unable to take J.S. to his school during the summer of 2006 for evaluation due to housing issues, and that DCPS subsequently did not contact her to schedule or complete his evaluations. She also testified that ABC did not contact her to schedule evaluations for J.S. Testimony was also provided that neither the parent nor her counsel was contacted by ABC about scheduling a MDT meeting to review / revise J.S.' IEP. Additionally, the parent testified that ABC was not a proper placement

for her child, over and above its inability to implement his IEP, because the building was in a dilapidated condition and unsuited to J.S.' needs.

18.    During the said hearing, DCPS and ABC argued that they made attempts to evaluate the student, but the parent was uncooperative in scheduling dates for evaluations. However, no documentation was provided to verify these claims. Upon cross-examination, the ABC SEC testified that the parent requested all communication between herself and the school regarding J.S. be performed through her legal counsel. Additionally, ABC argued that it did not perform evaluations for the student to update and complete his triennials because they were attempting to obtain those evaluations from DCPS. Also, ABC argued that they provided J.S. with appropriate specialized instruction and related services, as well as that ABC was an appropriate placement for J.S., because he made academic progress in the first two quarters of the school year. However, upon cross-examination, the SEC of ABC testified that J.S. was not performing as well as indicated in his progress report cards, and that he was not receiving services on grade-level. Furthermore, ABC's own documentation indicated that the student had been exhibiting numerous behavioral problems. Also, no testimony was given to explain why J.S. did not receive psychological services until the 01/11/07 session.

19.    In the 04/17/07 HOD, the hearing officer made erroneous findings of fact and conclusions of law ruling that J.S. was not harmed by DCPS' failure to evaluate him, or provide updated evaluations for the May 2006 IEP. The hearing officer erred in agreeing with DCPS' assertion that the parent was uncooperative in scheduling the student's evaluations, particularly because DCPS provided no documentary evidence to verify its assertion that attempts were made to schedule evaluations for the student. Furthermore, pursuant to 34 CFR §300.346(a)(ii)(b), in developing and revising a student's IEP, the most recent evaluations of a child must be reviewed in the IEP team's determination as to what special education and related services are appropriate for the student's IEP.

6

20.    Likewise, the hearing officer erred in his conclusion that ABC did not fail to complete

J.S.' evaluations.  ABC was aware of the student's need for evaluations on 09/27/06 when it

received the student's documentation from DCPS.  At the hearing, the SEC for ABC testified that

ABC was aware of the need for evaluations.  However, no evaluations were conducted for J.S. by

ABC until the comprehensive psychological completed in March 2007.  What is more, the parent

was not contacted by ABC about testing J.S. until shortly before the due process hearing was

occurring.

21.    Additionally, the hearing officer erred in his conclusion that ABC did not fail to provide

the student with an appropriate placement.  Upon receipt of the student's documents on 09/27/06,

ABC was aware that J.S. required a full-time special education placement.  However, instead of

attempting to provide J.S. with an appropriate placement, ABC chose to insert J.S. into their

inclusion model, with the intention to convene an MDT meeting to revise his IEP and modify it

from a full-time special education placement in order to fit with their inclusion model.  This is

improper under the IDEA, as the student's IEP should not be revised merely to convenience his or

her educational placement.  The law is clear, in that "at a minimum, IDEA requires that the school

system provide the student with the educational setting called for under his IEP." Argueta v. Gov.

of D.C., 355 F.Supp.2d 408, 414 (D.D.C., 2005).  ABC knew from the 09/27/06 receipt of the

student's documents that it could not provide the student with an appropriate placement, but still

failed to provide him with an appropriate placement.  In fact the hearing officer, in the 04/11/07

HOD found that the school was aware of his need for a full time program since 09/27/06.

However, he did not apply the law appropriately because he found it reasonable that the school

would provide him with inclusion programming when his IEP calls for something to the contrary.

22.    Moreover, the hearing officer should have found that ABC was not a proper placement for

the student because of his continued below-average academic performance and negative social-

emotional behavior.  Though ABC initially testified that J.S. was making progress within their

program, upon cross-examination the SEC admitted that J.S. was not performing as well as his

grade reports demonstrated, as he was not on grade level with his peers.  Likewise, the

comprehensive psychological examination on 03/01/07 showed that J.S. is between two to five

grade levels below his peers in all academic areas.  Additionally, J.S. has been exhibiting

continuous negative social-emotional behavior at ABC, with his teachers having little ability to

prevent or correct it.  "A placement that is not calculated to provide a meaningful educational

benefit is unacceptable."  Montgomery Township Bd. Of Educ. V. S.C. ex rel. D.C., 43 IDELR

186 (3d Cir. 2005).  ABC is unable to provide J.S. with meaningful educational benefit, as it

cannot meet either his academic or social-emotional needs.  Based upon this information, the

hearing officer should have ruled that ABC is not a proper placement for the student as it is

incapable of providing him with the services he requires to address his disabilities.

23.     The hearing officer also erred in finding that ABC did not fail to provide J.S. with an

appropriate IEP or all of his appropriate special education and related services because ABC

failed to provide on the record any documentation to authenticate its claims that it contacted the

parent or attorney to schedule an MDT meeting or that all the services were being provided.

Pursuant to 34 C.F.R. §300.345(a)(1), such notification to the parent is required before the IEP

meeting can be convened.  As ABC failed to provide any documentation to demonstrate it had

actually notified the parent or her counsel of any meeting, the hearing officer should have found

that ABC was in violation of the IDEA.

24.     Also, the hearing officer erred in that the record demonstrated that ABC could not provide

J.S. with all of the services that he required under his IEP.  ABC admitted that they could not

provide J.S. with full-time special education services, and the services it did provide in its

inclusion model were not appropriate.  The educational benefit that is provided to the child must

be 'likely to produce progress, not regression or trivial educational advancement.'"  Cypress-

Fairbanks Ind. School Dist. V. Michael F. by Barry F., 118 F.3d 245, 248 (C.A.5 (Tex.), 1997),

quoting <u>Board of Educ. of East Windsor Regional Sch. Dist. V. Diamond</u>, 808 F.2d 987, 991 (3rd

Cir. 1986). Furthermore, 34 C.F.R. §300.350(a) requires that the public agency ensure that the

child's special education and related services be provided in accordance with the student's IEP.

ABC did not provide the level of special education services that were required under J.S.' IEP.

Though it claimed that J.S. was making academic progress, evaluations and testimony from ABC

staff demonstrated that J.S. was between two and five grade levels below his peers in all academic

areas. Furthermore, ABC was unable to provide services to address J.S.' increasingly negative

social-emotional behavior. Finally, ABC did not provide J.S. with psychological counseling until

the initial counseling session on 01/11/07, though J.S.' IEP requires for one hour of psychological

services per week. Based upon these facts, the hearing officer erred and should have found that

ABC did not provide the student with an appropriate IEP or special education and related services

and thus denied the student FAPE.

## COUNT I

25.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26.    Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs'

       rights under the IDEA and section 504.

## COUNT II

27.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28.    Defendants violated IDEIA by not completing appropriate evaluations of the student.

## COUNT III

29.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

30.    Defendants violated IDEIA by failing to provide compensatory education for the denial of

       FAPE for the 2005-06SY and 2006-07SY.

## COUNT IV

31.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

32.  Defendants violated IDEIA by not developing an appropriate IEP.

## COUNT V

33.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

34.  Defendants violated IDEIA by not providing J.S. with appropriate special education and related services.

## COUNT VI

35.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

36.  Defendants violated IDEIA by not providing the encounter tracker forms to show that D.A. was receiving his related services.

## COUNT VII

37.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

38.  Defendants violated the IDEIA by not informing the parent of her due process rights by not informing the parent that she could have requested evaluations and completed the evaluations at DCPS' expense or that she could locate assistance from an attorney.

## COUNT VIII

39.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

40.  Defendants violated the IDEIA by not providing J.S. with an appropriate placement or affording the parent an opportunity to participate in a placement meeting.

## COUNT IX

41.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

42.  The hearing officer erred in his decision to dismiss the case against DCPS without taking into consideration the fact that DCPS, as the SEA, is responsible for providing J.S. with two (2) years of compensatory education.

## COUNT X

43.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

The hearing officer erred in his decision to dismiss the case against DCPS without proof of provision of a FAPE to the student.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for Plaintiffs and against defendants on all aforementioned counts;

2. Order that the April 17, 2007 Hearing Officer's Determination be reversed, finding denial of a free, appropriate, public education by DCPS and ABC Public Charter School and that the relief in the underlying due process complaint be granted;

3. Award Plaintiffs attorneys' fees and the costs of this action and of those relating to the due process hearing; and

4. Award any other and further relief the Court deems just and proper.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.

By: _____
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

C
09—1265
RMC

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

J.S. et al.

11001

### DEFENDANTS

District of Columbia et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jude C. Iweanoge, Esq.
1026 Monroe Street, NE
Washington, D.C. 20017

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01265
Assigned To : Collyer, Rosemary M.
Assign. Date : 7/16/2007
Description: Admn. Agency Review

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☑ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)        OR        ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

④

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

IDEIA - Denial of FAPE                      20 USC 1415

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ [_____]  Check YES only if demanded in complaint    JURY DEMAND:    YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE  July 16, 2007    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.