UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.S.,** a minor, by his mother and next friend, **Patrice Stephens**         **Plaintiff,**         v.  **Gov. of District of Columbia, et al.,**         **Defendants.** | :  :  :  :  :  :  :  :  : **Civil Action No. 07-01265 (RMC)** :  :  :  :  : |

## DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

The Defendants, by counsel, move to partially dismiss Plaintiff's claims under 42 U.S.C. §1983 and 29 U.S.C. § 794 pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief could be granted.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities. A proposed Order is also attached.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

1

2

                                                                                          **/s/ Amy Caspari**
                                                                                          Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001
(202) 724-7794
August 8, 2007                                    amy.caspari@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.S.,** a minor, by his mother and next friend, **Patrice Stephens**<br><br>**Plaintiff,**<br><br>v.<br><br>**Gov. of District of Columbia, et al.,**<br><br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 07-01265 (RMC)<br>:<br>:<br>:<br>: |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

**PRELIMINARY STATEMENT**

On July 16, 2007, Plaintiff filed the captioned complaint requesting relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"). Complaint, ¶1. Plaintiff requested this Court to order a reversal of a hearing officer's decision ("HOD"), and to grant relief denied in the underlying administrative hearing. Complaint, p. 11.

In the Complaint (¶ 1), jurisdiction is alleged under the IDEIA, 42 U.S.C. §1983 ("Section 1983") and 29 U.S.C. § 794 ("Section 504"). Plaintiff's claims should be dismissed as to the Section 1983 and Section 504 claims pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief could be granted.

**ARGUMENT**

1. **To the extent the Complaint asserts rights under the Civil Rights Act, 42 U.S.C. § 1983, Plaintiff has failed to state a claim for which relief can be granted.**

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider whether the factual allegations are enough to suggest that a claim to relief is plausible. Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955, 1960 (May 21, 2007). "Asking for plausible grounds [] does not impose a probability requirement at the pleading stage. . . ." Id. However, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). see also Papasan v. Allain, 478 U.S. 265, 286 (1986).

While the Complaint asserts a cause of action under 42 U.S.C. §1983 (Complaint ¶ 1) that assertion of jurisdiction is plainly in error. 42 U.S.C. §1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. see e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000). And as to a finding of liability under Section 1983 based on an IDEA violation, a four-part test must be met:

4

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted).

The court in Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., September 21, 2003), while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any IDEIA claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. The same result, for the same reasons, was also reached in R.S. v. District of Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003), and in Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006)(slip op. at 10); Robinson v District of Columbia, Civ. No. 06-01253 (D.D.C., Memorandum Opinion August 2, 2007)(slip op at 8); Abarca v District of Columbia, Civ. No. 06-01254 (D.D.C., June 29, 2006) (slip op at 5); compare Bowman v. District of Columbia, Civ. No. 05-1933 (D.D.C., August 2, 2006)(slip op. at 5-7).

In this case, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction (Complaint ¶ 1), there are no allegations with respect to any of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

2. **To the extent the Complaint asserts rights under the Rehabilitation Act, 29 U.S.C. § 794, Plaintiff has failed to state a claim for which relief can be granted.**

The Complaint's assertion of jurisdiction based upon Section 504 of the Rehabilitation Act (Complaint ¶1) is similarly deficient. First, that statute, 29 U.S.C. §794 —intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidate Rail Corp. v. Darrone, 465 U.S. 624 (1984) — is wholly irrelevant here. The Complaint does not assert that any discriminatory employment claims are involved in this action.

Even if Section 504 were deemed relevant in the context of an IDEIA claim, plaintiffs must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. §794. See also Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006)(slip op. at 9; citing R.S. v. District of Columbia, supra). And plaintiffs must further demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEA. T.T. v. District of Columbia, Civ. No. 06-0207 LEXIS 42739 (D.D.C. 2007). Hence, Plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" R.S. v. District of Columbia, supra. see also Monahan v. Nebraska, 687 F. 2d 1164, 1170-71 (8th Cir. 1982)(liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, Plaintiff's Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504. Complaint, generally. Without more, Plaintiff's failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must result in a dismissal of the complaint.  see Savoy-Kelly v. Eastern High School, supra, slip op. at 10; T.T. v. District of Columbia, supra; R.S. v. District of Columbia, supra.  compare Bowman v. District of Columbia, supra.

## CONCLUSION

The Defendants respectfully request that the Court grant this motion to dismiss because with respect to any claims for relief based on 42 U.S.C. §1983 and 29 U.S.C. § 794.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

amy.caspari@dc.gov

August 8, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.S.,** a minor, by his mother and next friend, **Patrice Stephens**  **Plaintiff,**  v.  **Gov. of District of Columbia, et al.,**  **Defendants.** | :  :  :  :  :  :  : Civil Action No. 07-01265 (RMC)  :  :  :  :  : |

## ORDER

Upon consideration of Defendants' Motion for Partial Dismissal, filed August 8, 2007, the Plaintiff's response thereto, and the record herein, it is hereby **ORDERED** that:

1. Defendants' Motion for Partial Dismissal is **GRANTED**; and it is

2. **FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice as to her Section 1983 and Section 504 claims.

_____
United States District Court Judge

1