UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.S., a minor, by his mother and next friend, PATRICE STEPHENS, *et al.*     Plaintiffs | :<br>:<br>:<br>:<br>: |
| v. | : **CIVIL ACTION NO. 07-1265(RMC)** <br>: |
| GOV. OF DISTRICT OF COLUMBIA, *et al.*     Defendants.<br>_____ | :<br>:<br>: |

### BILINGUAL COMMUNITY ACADEMY PUBLIC CHARTER SCHOOL'S MOTION TO DISMISS

COMES NOW, Bilingual Community Academy Public Charter School ("ABC"), by and through counsel, and pursuant to Fed. R. Civ. P. 7(b)(1) and 12(b)(1), hereby moves this Court to dismiss, with prejudice, the Complaint filed July 16, 2007 as untimely filed. The reasons for such Motion are set out in the accompanying Memorandum of Points and Authorities. A proposed Order is also attached.

DATE: August 13, 2007

Respectfully submitted,
 /s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Counsel for Defendant ABC

Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)
p.dalton@daltonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with attachments was filed electronically on this 13th day of August, 2007.

_____/s/_____
Paul S. Dalton, Esq.
Counsel for Defendant ABC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.S., a minor, by his mother and next friend,<br>PATRICE STEPHENS, *et al.*<br>　　　　Plaintiffs<br><br><br>　　　　v.<br><br>GOV. OF DISTRICT OF COLUMBIA, *et al.*<br>　　　　Defendants.<br>_____ | :<br>:<br>:<br>:<br>:<br>: **CIVIL ACTION NO. 07-1265(RMC)**<br>:<br>:<br>:<br>: |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILINGUAL COMMUNITY ACADEMY PUBLIC CHARTER SCHOOL'S MOTION TO DISMISS

On July 16, 2007, Plaintiffs filed the Complaint appealing an adverse Hearing Officer's Decision ("HOD"), pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§1400 *et seq.* The HOD was rendered April 13, 2007[1] . *See* Ex. A.

Under IDEIA, a party aggrieved by the findings and decisions rendered by a hearing officer "shall have the right to bring a civil action with respect to the complaint presented…in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. §1415(i)(2)(A). IDEIA also provides:

> the party bringing the action shall have **90 days** from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part, in such time as the State law allows. 20 U.S.C. §1415(i)(2)(B) (emphasis added.).

In this case, the HOD was issued April 13, 2007. Thus, the Complaint should have been filed on or before July 12, 2007, to be considered timely. The Complaint herein was not filed

---

[1] While it appears that the Hearing Officer hand wrote "April 12, 2007" as the date the HOD was issued, the Student Hearing Office received the HOD on April 13, 2007 and the date typed under the Hearing Officer's signature is April 13, 2007. *See*. Ex. A at 1, 7.

until July 16, 2006

This jurisdiction has recognized that the applicable statute of limitations for HOD appeals is 90 days. *See R.P. v. District of Columbia*, 474 F.Supp. 2d 152 (D.D.C. 2007), (complaint filed on the ninety-first day after the HOD issued was dismissed). *See also T.T. v. District of Columbia,* No. 06-0207, 2006 WL 1774320, (D.D.C. June 26, 2006); *Anthony v. District of Columbia,* No. 06-0192, 2006 WL 1442242, (D.D.C. May 22, 2006).

WHEREFORE, since the Complaint herein was untimely filed, the Court lacks jurisdiction over this action. Accordingly, the Defendant respectfully requests that this Court dismiss the Complaint with prejudice.

DATE:     August 13, 2007              Respectfully submitted,
                                       /s/
                                       _____
                                       Paul S. Dalton, Esq
                                       D.C. Bar No. 439118
                                       Counsel for Defendant ABC

                                       Dalton & Dalton, P.C.
                                       1008 Pendleton Street
                                       Alexandria, Virginia 22314
                                       (703) 739-4300 (ph)
                                       (703) 739-2323 (fax)
                                       p.dalton@daltonlaw.com

In the Matter of J.S. HOD April 3, 2007

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigation Division*
CONFIDENTIAL
Coles B. Ruff, Jr., Due Process Hearing Officer

RECEIVED APR 1 3 2007 STUDENT HEARING OFFICE

| | |
|---|---|
| In the Matter of James Stephens )<br>Date of Birth: September 19, 1994 )<br>("Student") )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>District of Columbia Public Schools )<br>("DCPS" or "District") )<br>School: ABC PCS )<br>Respondent. )<br>_____) | IMPARTIAL DUE PROCESS<br><br>HEARING OFFICER'S DECISION<br><br>Hearing Date: March 19, 2007<br>Record Closed: March 27, 2007<br>Held at: 825 North Capitol St. NE<br> Washington, DC |

Counsel for Student:  Fatmata Barrie, Esq.
                     1003 K Street, NW #565
                     Washington, DC 20001

Counsel for DCPS:    Tiffany Puckett, Esq.
                     Office of General Counsel
                     825 North Capitol St. NE
                     Washington, DC 20002

Counsel for ABC PCS: William Houston, Esq.
                     Jessica Smith, Esq.
                     1008 Pendleton Street
                     Alexandria, Virginia 22314

## JURISDICATION:

A Due Process Hearing was convened on March 19, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed January 5, 2007. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1


EXHIBIT A

In the Matter of J.S. HOD April 13, 2007

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (JS 1-10, ABC 1-24[1], DCPS 1) which were admitted into the record. The record was closed with the submission of closing arguments by the parties on March 27, 2007.

## FINDINGS OF FACT [2]:

1. The student is currently age twelve and has been determined to be eligible for special education and related services with a disability classification of multiple disabilities (MD), including learning disability (LD) and emotional disturbance (ED). The student attended Payne Elementary School (Payne) during school year (SY) 2005-06. (JS 6)

2. On May 3, 2006, DCPS convened a multi-disciplinary team/individualized educational program (MDT/IEP) meeting at Payne to update the student's IEP. The parent attended the meeting. DCPS personnel attending included, among others, Payne's special educational coordinator, Ms. Phaedra Smith, and the student's special education teacher.

3. The IEP prescribed the following weekly services: 26.5 hours of specialized instruction and 1 hour of psychological services. The psycho-educational evaluation cited in the present levels of performance of the IEP was conducted in April 2003. (JS 6)

4. When the IEP was revised in May 2006 Ms. Smith let the parent know the psychological evaluation needed to be updated. A current speech/language evaluation had been conducted and as a result the student was exited from speech language services. The student's clinical psychological evaluation was current and dated June 10, 2003. (Ms. Smith's testimony)

5. Ms. Smith gave the parent a copy of the student's IEP soon after the May 2006 IEP meeting. DCPS made several attempts to conduct a psycho-educational reevaluation during SY 2005-06, before the school year ended; however, the

---

[1] ABCPCS 24 is the psychological evaluation conducted by ABCPCS after the complaint was filed. The evaluation was not disclosed prior to the hearing but admitted into the record based on the Hearing Officer discretion to allow evaluations even though not timely disclosed.

[2] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

2

In the Matter of JS  HOD  April 3 2007

student was absent from school when the evaluator attempted to conduct the assessments. Ms. Smith contacted the parent at the end of June 2006 to bring the student to the school to be assessed. The parent was not cooperative in getting the student evaluated. (Ms. Smith's testimony)

6. The parent was in the progress of changing residences during the summer of 2006 and was consequently unable to bring the student to Payne to be evaluated. Upon graduating sixth grade at Payne the student was due to attend Lincoln Middle School. However, the parent pursued having the student attend a public charter school. She enrolled the student and his sibling at ABC Public Charter School (ABCPCS) at the start of SY 2006-07. The student was enrolled in the seventh grade. (Parent's testimony)

7. When the parent registered the student at ABCPCS she told the school staff the student received special education services. The parent gave the school a copy of a prior IEP but not the most recent. (Parent's testimony)

8. ABCPCS convened a meeting with parent on September 26, 2006, to discuss providing the student special education services. At the time ABCPCS still had not received the student's most recent IEP and did not have the student's evaluations. ABCPC indicated in the meeting notes that it was not denying the student services but simply lacked sufficient documentation on the student to ensure the proper services were being provided. ABCPCS had the parent sign for the procedural rights handbook. (Ms. Pilar Lynch's testimony, ACPCS 17, 18)

9. The parent did not ask that ABCPCS conduct evaluations of the student. (Parent's testimony)

10. ABCPCS received the student's IEP from Payne on September 27, 2006, but not the student's evaluations. ABCPCS wanted to obtain his evaluations to review the recommendations. ABCPCS decided it would put inclusions services in place for the student and conduct a thirty day review of the effectiveness of the services. (Ms. Pilar Lynch's testimony)

11. ABCPCS is not a full time special education placement and cannot implement a full time IEP of exclusively special education classes. (Stipulation)

12. ABCPCS attempted to implement the student's IEP by assigning the student an educational specialist in his general education classrooms. The educational specialist was a provisionally certified special education teacher. An educational specialist was with the student in each of his classes which had no more than twelve students. The student also received weekly counseling. (Ms. Pilar Lynch's testimony)

13. Once thirty days had passed ABCPCS determined the student had done well academically and concluded the student probably did not warrant a full time

special education placement. Based on the student's academic performance ABCPCS determined it needed to convene a MDT meeting to revise the student's IEP and attempted to have the parent attend a MDT meeting. (Ms. Pilar Lynch's testimony, ABCPCS 8)

14. ABCPCS's special education coordinator, Ms. Maria del Pilar Lynch, sent a letter to the parent requesting the student's evaluations and requesting she attend a thirty day review meeting. The parent did not respond to the request to meet or respond the request for the evaluations. (Ms. Pilar Lynch's testimony, ABCPCS 21)

15. The parent believes ABCPCS does not have sufficient special education services for the student and wants him to attend another school. The parent believes some of the student's classes at ABCPCS are too advanced for the student and there is not sufficient staff to assist him. The parent is also dissatisfied with the physical condition of ABCPCS' school building. However, the parent did not inform ABCPCS of her desire to remove the student and engaged counsel to assist her. (Parent's testimony)

16. Nonetheless, ABCPCS has informed the parent the student is performing well academically and has only had behavior difficulties recently. The student's second advisory report card had all passing grades, including "A"s in some classes, and an "incomplete" in Math. (Parent's testimony, ABCPCS 8, 11)

17. The parent's counsel filed the due process complaint in January 2007. Following the resolution meeting ABCPCS agreed to conduct the student's reevaluations. Most of the evaluations are completed and once the parent portions of the assessments are conducted ABCPCS intends to convene a MDT/IEP meeting. (Ms. Pilar Lynch's testimony, JS 1)

18. ABCPCS contacted DCPS in January 2006, after the complaint was filed, to inform DCPS that the student might be in need of another placement. (Ms. Pilar Lynch's testimony)

19. The most recent psycho-educational assessments conducted by ABCPCS indicate the student was operating in some areas on a third grade level. ABCPCS is modifying the student's academic work to match his level of performance. (ABCPCS 24)

ISSUE(S):[3]

---

[3] The alleged violation(s) and/or issue(s) raised in the complaint may or may not directly correspond to the issue(s) outlined here. However, the issue(s) listed here were reviewed during the hearing and clarified and agreed to by the parties as the issue(s) to be adjudicated.

4

In the Matter of J.S. HOD April 9, 2007

1. Did DCPS deny the student FAPE by failing complete the following evaluations of the student: comprehensive psychological, psychiatric, Vineland, psycho-educational, occupational therapy, social history, and speech/language?

2. Did ABCPCS deny the student FAPE by failing to provide the student an appropriate placement during SY 2006-07?

3. Did ABCPCS deny the student FAPE by failing to provide the student an appropriate IEP during SY 2006-07? (The parent is alleging the IEP was inappropriate because the student did not make academic progress.)

4. Did ABCPCS deny the student FAPE by failing to provide the student the specialized instruction and related services in the student's IEP during SY 2006-07?

5. Did ABCPCS deny the student FAPE by failing to inform the parent of her due process rights during SY 2006-07?

6. Did ABCPCS deny the student FAPE by failing complete the following evaluations of the student: comprehensive psychological, psychiatric, Vineland, psycho-educational, occupational therapy, social history, and speech/language?

## CONCLUSIONS OF LAW:

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to IDEIA § 1415 (f)(3)(E)(ii) in matters alleging a procedural violation a hearing officer may find that a child did not receive FAPE only if the procedural inadequacies impeded the child's right to FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding provision of FAPE, or caused the child a deprivation of educational benefits.

Pursuant to 5 DCMR 3030.3 the burden of proof is the responsibility of the party seeking relief.[²] In this case the parent is seeking relief and has the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

1. Did DCPS deny the student FAPE by failing complete the following evaluations of the student: comprehensive psychological, psychiatric, Vineland, psycho-educational,

---
[²] Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

5

occupational therapy, social history, and speech/language? Conclusion: The parent's counsel did not sustain the burden of proof.

Although there was evidence presented that at the time of the student's May 2006 IEP meeting his psycho-educational evaluation had expired by one month. However, Ms. Smith credibly testified that she made repeated attempts to have the student evaluated soon thereafter and the parent was not cooperative. There was no evidence the student was harmed by the psycho-educational evaluations having been expired so recently prior to the IEP meeting. In addition, there was no evidence that any of the other evaluations cited above were expired or not conducted while the student attended Payne. Consequently, the Hearing Officer concludes there was denial of FAPE to the student by DCPS.

2. Did ABCPCS deny the student FAPE by failing to provide the student an appropriate placement during SY 2006-07? Conclusion: The parent's counsel did not sustain the burden of proof.

When the parent enrolled the student at ABCPCS she did not provide a current IEP. Once ABCPCS received the IEP it was put on notice the IEP required the student be in an "out of a general education" setting. In addition, ABCPS acknowledges it cannot implement a full time IEP. The Hearing Officer concludes, however, that it was not unreasonable for ABCPCS to have attempted to implement the student's IEP with inclusion services and conduct a thirty day review of the student's progress. The Hearing Officer notes that the student was apparently successful academically during the first two advisories at ABCPCS. The Hearing Officer credits Ms. Pilar Lynch's testimony that she made repeated attempts to contact the parent to have her provide evaluations and attend a MDT meeting to review and/or revise the student's IEP after the thirty day review. Therefore, despite the fact that ABCPCS cannot implement a full time IEP the Hearing Officer does not conclude that under these facts the student was denied FAPE.

3. Did ABCPCS deny the student FAPE by failing to provide the student an appropriate IEP during SY 2006-07? Conclusion: The parent's counsel did not sustain the burden of proof.

As noted in the conclusions cited above ABCPCS made diligent attempts to contact the parent to update the student's IEP after it conducted a thirty day review of the student's academic performance. The Hearing Officer concludes that because the parent was not cooperative in attending a meeting to update the student's IEP there is no denial of FAPE in this regard.

4. Did ABCPCS deny the student FAPE by failing to provide the student the specialized instruction and related services in the student's IEP during SY 2006-07? Conclusion: The parent's counsel did not sustain the burden of proof.

Although ABCPCS is not a full time special education placement, the Hearing Officer credits Ms. Pilar Lynch's testimony the student was provided inclusion services by a

6

In the Matter of S. HOD April 13, 2007

special education teacher in all of his general education classes and was provided counseling services. Consequently, the Hearing Officer concludes the student was provided specialized instruction and related services and was not denied FAPE in this regard.

5. Did ABCPCS deny the student FAPE by failing to inform the parent of her due process rights during SY 2006-07? Conclusion: The parent's counsel did not sustain the burden of proof.

The evidence clearly indicates the parent signed for and received the parent's handbook. The Hearing Officer, therefore, concludes ABCPCS informed the parent of her due process rights.

6. Did ABCPCS deny the student FAPE by failing complete the following evaluations of the student: comprehensive psychological, psychiatric, Vineland, psycho educational, occupational therapy, social history, and speech/language? Conclusion: The parent's counsel did not sustain the burden of proof.

The Hearing Officer credits Ms. Pilar Lynch's testimony that she made repeated attempts to contact the parent to have her provide evaluations and attend a MDT meeting to review and/or revise the student's IEP after the thirty day review. Although the evidence indicates the student's psycho-educational and clinical psychological evaluations were expired there was no evidence any of the other evaluations mentioned above were expired. ABCPCSs' attempts to reach the parent and have her cooperate in ensuring the evaluations were up to date and the parent's non response, in the Hearing Officer's opinion, obviates the fact that these evaluations were expired. The Hearing Officer concludes there was not denial of FAPE in this regard.

ORDER:

The due process complaint is dismissed as to both DCPS and ABCPCS.

APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: April 13, 2007

Issued: 4/13/07

7

## In the MATTER OF James Stephens V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| JS 1-10 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Witness List | Yes |
| ABCPCS 1-24 | ABCPCS Disclosures | Yes |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |

In the MATTER OF James Stephens V. DCPS

RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 1/8/07 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 2/22/07 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |

In the Matter of JS HOD April 13, 2007

# INDEX OF NAMES

## In the MATTER OF James Stephens V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| DCPS Special Education Coordinator | Ms. Phaedra Smith |
| School Psychologist | |
| Regular Education Teacher | Ms. Marta del Pilar Lynch |
| ABCPCS Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vs. child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Patrice Stephens (Mother) |
| Child/Parent's Representative | Fatama Barrie, Esq. |
| DCPS Representative | Tiffany Puckett, Esq. |
| Parent's Educational Advocate | William Houston, Esq. |
| ABC Public Charter School Representative | Jessica Smith, Esq. |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.S., a minor, by his mother and next friend, PATRICE STEPHENS, *et al.*       Plaintiffs | : : : : : |
| v. | : **CIVIL ACTION NO. 07-1265(RMC)** : |
| GOV. OF DISTRICT OF COLUMBIA, *et al.*       Defendants. | : : : |

## ORDER

Upon consideration of Defendant ABC's Motion to Dismiss, the memorandum in support thereof, and the record herein, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**;

it is **FURTHER ORDERED** that the Complaint is dismissed with prejudice.

_____                                   _____
Date                                                                    Rosemary M. Collyer
                                                                              United States District Judge