**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PATRICE STEPHENS, et al**       * | |
|       Plaintiffs       * | |
|       * | **Civil Action No: 05-2259 (RMC)** |
|    v.       * | |
|       * | |
|       * | |
| **DISTRICT OF COLUMBIA, et al**       * | |
|       Defendants       * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR LEAVE TO LATE FILE PLAINTIFF'S OPPOSITON TO DEFENDANT BILINGIUAL'S MOTION TO DISMISS

COMES NOW, the Defendant, Patrice Stephens by and through his attorneys Jude C. Iweanoge and THE IWEANOGES' FIRM, PC and respectfully request for leave to late file his Opposition to Defendant Bilingual Community Academy Public Charter School's Motion to Dismiss, time for filing having expired. In support, Defendant states:

1.      That this case is an appeal of administrative agency decision pursuant to IDEIA.

2.      That Defendant filed a motion to dismiss Plaintiffs complaint on August 13, 2007, the Plaintiffs' opposition was due on or about August 27, 2007.

3.      That Defendant's counsel who is heavily engaged with the press of other Court matters and personal matters could not file a timely opposition to Defendant's motion to dismiss.

4.      That a copy of Plaintiffs' opposition is filed concomitantly with this motion.

5.      That Defendant would be prejudiced if this motion for leave to late file is denied.

6.      That Plaintiff would not be prejudiced if Defendant's motion for leave to late file is granted.

7.    That Plaintiff through counsel was unable to obtain the consent of counsel for Defendant prior to filing the instant motion.

WHEREFORE, Plaintiffs through counsel request that this motion for leave to late file, be granted and the Opposition to Defendant's motion to dismiss be accepted and filed.

Respectfully submitted,
THE IWEANOGES' FIRM, PC

By:   */s/JudeIweanoge/s/*
      Jude C. Iweanoge, Bar #493241
      1026 Monroe Street, NE
      Washington, D.C. 20017
      Phone: (202) 347-7026
      Fax: (202) 347-7108
      Email: jci@iweanogesfirm.com

### CERTIFICATE OF SERVICE

I HEREBY certify that copies of the foregoing motion were electronically filed on September 25, 2007, and the court would notify parties using Court's e-file system.

*/s/JudeIweanoge/s/*
Jude C. Iweanoge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PATRICE STEPHENS, et al** | * |
| Plaintiffs | * |
| | *     **Civil Action No: 05-2259 (RMC)** |
| v. | * |
| | * |
| | * |
| **DISTRICT OF COLUMBIA, et al** | * |
| Defendants | * |

**************************************

## PLAINTIFF'S OPPOSITION TO DEFENDANT BILINGUAL ACADEMY PUBLIC CHARTER SCHOOL'S MOTION TO DISMISS

COMES NOW, the Plaintiffs, Patrice Stephens and J.S., a minor, by and through their attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss Plaintiffs Complaint as time barred. Memorandum of points and authorities supporting Plaintiffs Opposition to Defendants motion to dismiss is attached hereto.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.


By:_____/s/JudeIweanoge/s/_____
        Jude C. Iweanoge
        IWEANOGE LAW CENTER
        1026 Monroe Street, NE10 Vermont
        Washington, DC 20017
        Phone: (202) 347-7026
        Fax: (202) 347-7108
        Email: jci@iweanogesfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PATRICE STEPHENS, et al** | * | |
| Plaintiffs | * | |
| | * | **Civil Action No: 07-1265(RMC)** |
| v. | * | |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al** | * | |
| Defendants | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### PROCEDURAL POSTURE

On or about July 16, 2007, Plaintiffs filed a Complaint pursuant to Individuals with Disabilities Education Improvement Act ("IDEIA"), premised on Defendants violation of Plaintiffs' rights under the IDEIA.

On or about August 13, 2007, Defendant Bilingual Community Academy Public Charter School filed a motion to Dismiss Plaintiffs' Complaint contending that Plaintiff claim is barred by the applicable statute of limitation.

### STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." _Conley v. Gibson,_ 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," _Kowal v. MCI Communications Corp.,_ 16

F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed

true and liberally construed in favor of the plaintiff. *See Shear v. National Rifle Association of*

*America*, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Dismissal is only proper if, after the allegations of

the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in

the complaint would fail to afford the plaintiff relief if proven. *Ezra v. Pedas*, 682 A.2d 173, 174

(D.C. 1996). The defendants have failed to make a showing that the complaint fails to state a

claim upon which relief can be granted.

## I.    PLAINITFF'S CLAIM SHOULD NOT BE DISMISSED BECAUSE IT WAS FILED WITHIN THE TIME MANDATED BY IDEA

Defendant Bilingual Community Academy Public Charter School contends that Plaintiffs

appeal is untimely because it should have been filed on July 12, 2007.[1] In *Tyler v. District of*

*Columbia*, 2006 U.S. Dist. LEXIS 48274, (D.D.C. July 18, 2006), this Court denied District of

Columbia's motion to dismiss and held that Plaintiff's were entitled to an extra three (3) days

pursuant to Fed. R. Civ. P. 6(e). In the case *sub judice*, Defendant contend in their motion that

Plaintiffs' complaint was not filed within the 90-day period provided by IDEIA. Relying on the

ruling in *Tyler*, Plaintiff's complaint is timely because it was filed within 93 days of the issuance

of the Hearing Officer's decision, having being filed on the next business day since the 93rd day

fell on a Sunday. *See* Fed. R. Civ. P. 6(a).

Defendant relies on *R.P. v. District of Columbia*, 474 F. Supp. 2d 152 (D.D.C. 2007) in

support of its contention that Plaintiff's complaint is time barred. However, that decision is

currently under appeal because it is an erroneous interpretation of 20 U.S.C. § 1415(i)(2)(B) and

limits the application of Fed. R. Civ. P. 6(e) especially where the mail box rule is still applicable

---

[1] Defendant District of Columbia filed a motion for partial dismissal of Plaintiff's complaint in the case *sub judice* premised on other grounds. Defendant District of Columbia did not move to dismiss Plaintiff's complaint as time barred.

to ECF notices that are electronically sent, despite being received on the day the notice and/or order is entered. *See* *R.P. v. District of Columbia, et al*, Appeal No. 07-7051. (The United States Court of Appeals denied Appellees' Motion for Summary Affirmance on September 11, 2007 and directed the Clerk to calendar the case for presentation to a merit panel.)

In addition, Defendants reliance on *R.P. v. District of Columbia*, 474 F. Supp. 2d 152, in support of its motion to dismiss Plaintiff's complaint is misplaced because the Court's finding "that Section 1415 of the IDEA clearly contemplates only ninety days from the date of the HOD in which to file a civil action," is erroneous and clearly inconsistent with interpretation of other judges of the District Court. As recognized in *Harris v. Williams, et al*, 276 F. Supp. 2d 85, 89 (D.D.C. 2003), "a review of case law from the United States District Court for the District of Columbia shows that those courts consistently interpret D.C. Ct. App. R. 15(a) as starting the clock upon receipt of notice." Therefore, since the statute of limitation for appeal of HOD pursuant to IDEIA has been consistently interpreted to run from the receipt of notice, Fed. R. Civ. P. 6(e) should be applied in the instant case. *See e.g.* *Essen v Board of Educ.* 1996 U.S. Dist. Lexis 5231 (D.N.Y. 1996) (statute of limitations for action under IDEA (20 USCS §§ 1400 et seq.) appealing administrative decision begins to run not when final decision is rendered in administrative process, but when parents receive notice of final decision.)

In *Tyler v. District of Columbia*, 2006 U.S. Dist. LEXIS 48274, this Court recognized that Plaintiff's were entitled to an extra three (3) days pursuant to Fed. R. Civ. P. 6(e). *Id.* at 3 (*citing* *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001). Appling the holding in *Tyler* to the instant case, Plaintiffs complaint is timely because the HOD was issued on April 13, 2007 in the absence of the parties; therefore Plaintiff's had until Monday July 16, 2007, which is the next official court opening day to file their complaint.

Furthermore, Plaintiff's complaint should not be dismissed as untimely because if Appellants had filed their complaint in Superior Court of the District of Columbia, their appeal would have been timely pursuant to D.C. Ct. App. R 15(a). Rule 15(a) of the District of Columbia Court of Appeals grants additional five (5) days from the date of the mailing of the decision or order to file a petition for review of agency order, if the decision was made outside the presence of the parties. *See Flores v. D.C. Rental Housing Commission et al*, 547 A.2d 1000, 1003 (D.C. 1988).

In sum, Plaintiffs complaint for violation of IDEA is not time barred and should not be dismissed.

## **CONCLUSION**

The Court should deny Defendants motion to dismiss because Plaintiffs complaint was filed within the applicable statute of limitation.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.


By: ___/s/JudeIweanoge/s/_____
Jude C. Iweanoge (493241)
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on 25th September 2007 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

_____/s/_____
Jude C. Iweanoge
