UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.S.,** a minor, by his mother and next friend, **Patrice Stephens**,       Plaintiffs,       v. **Gov. of District of Columbia, et al.,**       Defendants. | Civil Action No. 07-1265 (RMC) |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

Defendants, by counsel, reply herewith to the "Plaintiffs' Opposition to Defendants' Motion for Partial Dismissal," filed October 1, 2007 ("Opposition").[1]

In this case, Plaintiffs alleged jurisdiction under three federal laws: Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"), 42 U.S.C. §1983 ("Section 1983"), and 29 U.S.C. §794 ("Section 504").

In their August 13, 2007 "Memorandum of Points and Authorities in Support of Defendants' Motion for Partial Dismissal" ("Motion"), Defendants argued that the complaint was legally deficient to the extent that jurisdiction was asserted under Section 1983 and Section 504. Plaintiffs' Opposition fails to show that the proper factual allegations have been raised and fails to refute Defendants' arguments to support their Section 1983 and Section 504 claims.  Therefore, Defendants motion to dismiss should be granted as to those claims.

---

[1] Plaintiffs' cite the wrong Civil Action Number in their Opposition caption.   The correct Civil No. in this case is 07-1265.

1

## ARGUMENT

**I.      Plaintiffs have misapplied the Fed. R. Civ. P. 12(b)(6) standard of review.**

Defendants, in their Motion, point to Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007), for the proper standard to review a Motion under Fed. R. Civ. P. 12(b)(6). Motion p. 1. Plaintiffs' Opposition points to Conley v. Gibson, 355 U.S. 41, 45-46, (1957), the case abrogated by Bell. Recently, this Court has applied Bell in two IDEIA cases under Fed. R. Civ. P.12(b)(6), Robinson v. DC, 2007 WL 2257326 (D.D.C. August 2, 2007) Memorandum Opinion * 3, and Abarca v DC, 2007 WL 1794101 (D.D.C. June 19, 2007) Memorandum Opinion *2.

Bell does not require a heightened pleading standard under Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, Bell did hold that "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level …." Bell Atlantic Corp., 127 S.Ct., at 1964-1965. Essentially, Bell requires that a Plaintiff show not that a cause of action is possible (or probable), but at least plausible. Id. at 1959.

Therefore, the arguments in this case should be reviewed in light of the pleading requirement in Bell, as noted by the Defendants in their Motion.

**II.      Section 1983 Claims**

In their Motion, Defendants set out clear precedent establishing the character of allegations in complaints necessary to withstand a motion to dismiss for failure to state a claim under §1983. Motion, pp. 3-5. Plaintiffs' Opposition does not refute this

precedent.  Further, Plaintiffs' Opposition fails to show that the proper factual allegations have been asserted in the complaint to support such a claim.

Plaintiffs simply rely on a phrase from <u>Franklin v. Gwinnett County Public Schools</u>, 503 U.S. 60, 70-71 (1992) — ". . . the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to the federal statute"— to persuade this Court that dismissal of the Complaint's §1983 claims would be improper.  Since Congress did not intend the IDEIA to bar claims under §1983, Plaintiffs' argue, the §1983 claims should stand.  Opposition, p. 3.

Plaintiffs have missed the thrust of Defendants' arguments.  Defendants' position (Motion p. 5) is that Plaintiffs §1983 claims should be dismissed **not** because IDEIA bars §1983 claims, but because Plaintiffs' Complaint does not satisfy the four-part test established in <u>Walker v. District of Columbia</u>, 157 F. Supp. 2d 11, 30 (D.D.C. 2001), and Plaintiffs have not shown otherwise.

Plaintiffs also rely on <u>Olson v. Robinsdale Area Schools</u>, 2004 WL 1212081 (D.Minn. 2004), to support their §1983 claims.  Opposition, p. 4.  However, Plaintiffs have misconstrued the <u>Olson</u> decision.  In <u>Olson</u>, a hearing officer had ordered the school district to determine how a student could participate in the graduation ceremonies.  The school district did not comply, and the Olsons brought an action to pursuant to IDEIA and §1983 to enforce the hearing officer's decision.  The <u>Olson</u> court denied the IDEIA claim because IDEIA permits aggrieved parties to appeal a hearing officer's decision, but does not contemplate an action to enforce an administrative decision.  However, the <u>Olson</u> court did find the §1983 claim appropriate because the Olson's were seeking to **enforce** a hearing officer's decision, and were not challenging the **merits** of the decision.

In this case, however, Plaintiffs **are** challenging the merits of a Hearing Officer's Determination ("HOD"). Therefore, Plaintiffs claims are more appropriately brought pursuant to IDEIA and not §1983.

Plaintiffs also rely on Atchinson v. District of Columbia, 73 F.3d. 418 (D.C. Cir. 1996), to support their §1983 claims. Defendants agree that the Court of Appeals in Atchinson found that the plaintiff should not be held to a heightened pleading standard, and that it was enough that the plaintiff alleged facts that would reasonably suggest misconduct. Nevertheless, Atchinson does not help Plaintiffs in the case herein, because in this case Plaintiffs have alleged **no** facts to support a §1983 claim.

Plaintiffs' §1983 claims are inadequate. Accordingly, with respect to any §1983 claims, the Complaint must be dismissed.

### III.    Section 504 Claims

Plaintiffs argue that since the court in Walker v. District of Columbia, 969 F. Supp. 794 (D.C. 1997), held that the plaintiff had a §504 claim because the student did not receive special education services, the Plaintiffs herein also have a §504 claim. Plaintiffs' reasoning is plainly wrong.

> Section 504 prohibits programs and entities that receive federal funding from denying benefits to, or otherwise discriminating against, a person "solely by reason" of that individual's handicap. Id. § 794(a). This statute seems an odd fit for a setting in which local governments are charged with providing specialized education for disabled students. Courts have recognized this incongruity and have thus required that plaintiffs claiming a violation of § 504 demonstrate "something more than a mere failure to provide the [FAPE]" mandated by the IDEIA. See Lunceford v. District of Columbia Bd. of Educ., 745 F.2d 1577, 1580 (D.C. Cir.1984) (citation omitted); Sellers v. Sch. Bd. of Manassas, Va., 141 F.3d 524, 529 (4th Cir. 1998); R.S. v. District of Columbia, 292 F. Supp. 2d 23, 28 (D.D.C. 2003). Either bad faith or gross misjudgment on the part of the governmental defendants must be shown. R.S., 292 F. Supp. 2d at 28.

T.T. v. District of Columbia, Civil No. 06-0207 (D.D.C. July 23, 2007), Memorandum Opinion, pp. 18-20 (citing Walker v. District of Columbia, 969 F. Supp. 794, 797 (D.D.C. 1997)).

In Walker, the Court found that that plaintiffs alleged sufficient facts to raise a genuine dispute over whether the school district exercised gross misjudgment, and referenced five paragraphs in the complaint where these facts were alleged.  In contrast, the Complaint herein contains no specific facts to sustain a §504 claim.  Rather, the Complaint herein merely states "Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEIA and section 504."  See Complaint filed herein July 16, 2007, para. 17.

In T.T. the Court found that Plaintiffs did not come close to making the requisite showing of a Section 504 claim:

> Even when all plausible inferences are drawn in their favor, plaintiffs have not alleged any facts that would tend to prove that DCPS officials acted in bad faith or committed egregious errors of judgment. Nor would the administrative record support any such allegations. . . . The allegations in the Complaint, again construed generously, might possibly support a negligence claim. But courts have sensibly required something more than the allegations of negligence that are raised in plaintiffs' Complaint, if at all, only tacitly. See Sellers, 141 F.3d at 529 (affirming dismissal of Rehabilitation Act claim where the complaint presented "at best, a negligence claim").

Plaintiffs' Complaint makes no mention of either bad faith or gross misjudgment. Accordingly, Plaintiffs' §504 claim must fail as a matter of law.

## **CONCLUSION**

For the foregoing reasons, and for reasons discussed in previous filings, Defendants' Motion must be granted and Plaintiffs' Complaint—to the extent that claims are based on Section 1983 and Section 504—must be dismissed.

5

                                          Respectfully submitted,

                                          LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
September 28, 2007        amy.caspari@dc.gov