UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **J.S., a minor,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1265 (RMC) |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

The Plaintiffs, Patrice Stephens and J.S., a minor, appeal to this Court to reverse a Hearing Officer Decision ("HOD") issued pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400 *et seq*. They also advance claims under 42 U.S.C. § 1983 (Section 1983") and 29 U.S.C. § 794 of the Rehabilitation Act ("Section 504"). *See* Compl. [Dkt. #1]. In response, the District of Columbia filed a partial motion to dismiss Plaintiffs' Section 1983 and Section 504 claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Defs.' Motion for Partial Dismissal [Dkt. #2]. Defendant Bilingual Community Academy Public Charter School ("BCAPCS") filed a motion to dismiss the entire complaint as time barred pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* BCAPCS's Mot. to Dismiss [Dkt. #5]. Plaintiffs oppose.[1] *See* Dkt. ## 7 & 8. The Court finds the Complaint time barred and will dismiss without reaching the other issues.

---

[1] On September 25, 2007 Plaintiffs filed their Motion for Leave to Late File Plaintiffs' Opposition to Defendant Bilingual's Motion to Dismiss. *See* Dkt. #8. Although the opposition was filed almost an entire month late, the Court hereby grants the motion and considers the matter fully briefed and ripe for decision.

## I. BACKGROUND FACTS

J.S. is a minor child requiring special education services in the District of Columbia at the Bilingual Community Academy Public Charter School. Ms. Stephens complained about the adequacy of those services and her complaint went to hearing before Hearing Officer Coles B. Ruff, Jr., on March 19, 2007. *See* BCAPCS's Mot. to Dismiss, Ex. A. The HOD issued on Friday, April 13, 2007, finding that neither the District of Columbia Public Schools ("DCPS") nor BCAPCS failed to provide a free appropriate public education to J.S. *See id.*, Ex. A at 6. The HOD noted that "[a]ppeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision." *See id.*, Ex. A at 7. Not counting the 13th of April itself, 90 days later was Thursday, July 12, 2007. The Complaint was filed on Monday, July 16, 2007. *See* Compl.; *compare* BCAPCS's Mot. to Dismiss, Ex. A.

## II. LEGAL STANDARDS

Defendant BCAPCS moves to dismiss the Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* BCAPCS's Mot. to Dismiss [Dkt. #5]. Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998); *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 26, 30-31 (D.D.C.

2001); *see also Solomon-Lane v. District of Columbia*, 2005 WL 736533 at *3 (D.D.C. Mar. 31, 2005). When considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction in an IDEIA action, a court must accept as true well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff. *Solomon-Lane,* 2005 WL 736533 at *3 .

### III. ANALYSIS

Under the IDEIA, a party aggrieved by an HOD has the right to sue in either a State court or Federal District Court. 20 U.S.C. § 1415(i)(2)(A). "[T]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action . . . ." 20 U.S.C. § 1415(i)(2)(B). The Complaint here was filed on July 16, 2007, more than 90 days after the HOD issued. Thus, BCAPCS argues that it must be dismissed. However, Plaintiffs contend that *Tyler v. District of Columbia*, 2006 U.S. Dist. LEXIS 48274 (D.D.C. July 18, 2006), held that plaintiffs are entitled to an extra three days for filing, pursuant to Federal Rule of Civil Procedure 6(e). [2] BCAPCS relies instead on *R.P. v. District of Columbia*, 474 F. Supp. 2d 152 (D.D.C. 2007), which held that Rule 6(e) does not apply to the institution of IDEIA cases.

The undersigned decided *Tyler* and applied Rule 6(e) because the HOD in that case was actually mailed. Judge Emmet Sullivan decided *R.P.* and was not persuaded by *Tyler*. He concluded that "Rule 6(e) applies to those circumstances where a party must or may act within a certain time after service, not when a party must act within a certain time after a decision is issued." *R.P. v. District of Columbia*, 474 F. Supp. 2d at 153; *see also Smith v. District of Columbia*, 496 F. Supp. 2d 125, 128 (D.D.C. 2007) (J. Roberts) (agreeing with *R.P.* and noting that the IDEIA starts

---

[2] "Whenever a party must or may act within a prescribed period after service, . . . 3 days are added after the prescribed period would otherwise expire." Fed. R. Civ. P. 6(e).

the running of the limitations period from the date of the HOD, not from the date of service of the HOD on the party).  Because the IDEIA specifically states that a party must appeal within 90 days from the date of the HOD, without mention of the timing of receipt or service of that decision, Judge Sullivan held R.P. to a strict 90-day time limit.  *Id.* at 154; *see also Smith*, 496 F. Supp. 2d at 128 (noting that the 90-day limitation period began running on the date of the HOD and dismissing complaint as time barred).  Counsel for Plaintiffs here was counsel in *R.P.* and *Smith* and has appealed the *R.P.* decision; he urges the Court not to follow it.

The statute quite clearly states that claimants have 90 days from the issuance of the HOD to file a court case.  The Court is persuaded by the decisions in *R.P.* and *Smith*.[3]  There is no dispute here that Plaintiffs' Complaint was filed after the 90-day period set by the IDEIA.  It was therefore filed too late and must be dismissed.  A memorializing order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: February 7, 2008

---

[3] *See* 18-134 Moore's Federal Practice-Civil § 134.02[1][d] (2006) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.")